FILED

2018 Sep-10 PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED

04 APR 16 AM 9:4

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES OF AMERICA, *  Case No. CR-02-BE-124-E

     v.                    *  Birmingham, Alabama

TERRY LYNN FOREHAND,       *  December 2, 2002

                Defendant. *

**********************


TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE


FOR THE GOVERNMENT:

ADLOPH DEAN
Assistant United States Attorney
1801 4th Avenue North
Birmingham, Alabama   35203


FOR THE DEFENDANT:

J. SCOTT BOUDREAUX
604 38th Street, South
Birmingham, Alabama   35222

Court Reporter:

Teresa Roberson, RPR, RMR
Federal Court Reporter
1729 North Fifth Avenue, Suite 325
Birmingham, Alabama   35203

\* \* \* \* \*

## P R O C E E D I N G S

\* \* \* \* \*

**(Open court.)**

THE COURT:  The matter before the Court at this time is the case of United States of America versus Terry Lynn Forehand, CR-02-BE-124-E.

Mr. Boudreaux, I assume that you and your client have had thirty-five days in which to review the presentence report?

MR. BOUDREAUX:  Yes, ma'am.  And I forwarded it to my client who has been incarcerated down in Montgomery County in the Montgomery City Jail and I forwarded it to him either the same day or the following day that I received it.  And I forwarded it to him on October 29th, so it might be right at thirty-five days.  We have had adequate amount of time.

THE COURT:  All right.  Do you have any objection to the contents of the report other than those that we have addressed in chambers and will be addressing?

MR. BOUDREAUX:  No, ma'am.

THE COURT:  After consulting with the Assistant United States Attorney Adolph Dean, Jr. and defense attorney Scott Boudreaux and the probation office, the Court has concluded that the attempted armed bank robbery conviction listed in paragraph sixty-two of the presentence report for which the

defendant pled guilty in the Middle District of Alabama on July 10, 2002 and was sentenced to ninety-six months custody to be followed by five years supervised release, on November 12th 2002, should have been treated as relevant conduct to the instant offenses of conviction and therefore should not have been assessed as criminal history points.

The attempted bank robbery should be calculated into total offense level.  The guideline computations for the attempted bank robbery produces an adjusted offense level, subtotal of twenty-seven, which then receives one unit pursuant to the provisions at USSG Section 3(d )1.4.  The total number of units is then three and one half and the increase in the offense level is four.

Consequently, the presentence report is amended to reflect the following:  The combined adjusted offense level at paragraph fifty becomes thirty-one; the total offense level at paragraph fifty-two is twenty-eight; the total offense level at paragraph fifty-four is twenty-eight.  Paragraph sixty-two receives zero criminal history points.  Paragraph sixty-four is then amended to read the total of the criminal history points is nine.  According to the sentencing table at USSG Chapter 5 Part A, nine criminal history points establish a criminal history category of four.  Paragraph eighty-four is amended to read, "based on a total offense level of twenty-eight and a criminal history category of four, the guideline range for

1  imprisonment is one hundred ten to one hundred thirty-seven

2  months in counts one, three and four."  The rest of the

3  paragraph would remain the same.

4       The Court also notes for the record that the charge

5  listed as pending in paragraph sixty-seven of the presentence

6  report was dismissed on November 26, 2000.

7       The Court thus adopts the other factual statements

8  that were contained in the presentence report.

9       Count five requires a sentence of eighty-four months,

10 which is a mandatory consecutive sentence required by statute.

11 Supervised release period is from three years to five years,

12 and the fine range is from twelve thousand five hundred to one

13 hundred twenty-five thousand dollars.

14      Restitution is an issue in this case.

15      Mr. Boudreaux, do you have anything to say in

16 mitigation or otherwise before the Court pronounces sentence?

17      MR. BOUDREAUX:  Yes, ma'am.  May it please the Court,

18 Judge, although we have had extensive discussions between

19 myself and Mr. Dean and the probation office, the Court is

20 aware that I intended at this time to make a motion for

21 downward departure under 5K2.0 in that there are some

22 mitigating circumstances with respect to this case that were

23 not, in my opinion, adequately considered in the guidelines.

24      The Court is well aware of the reason we have two

25 separate proceedings, one in Montgomery County and one up here

1    in the Northern District, one in the Middle District and one in

2    the Northern District, which in my opinion all of the cases

3    should have been handled in the Middle District, and therefore,

4    that could not have possibly been anticipated under the

5    guidelines.

6            And under 5K2.2, I would ask this Court to downward

7    depart one level which would give a resulting sentencing range

8    with the minimum of one hundred months with a criminal history

9    four.

10           At that time, I would ask the Court to sentence the

11   defendant per the plea agreement to the minimum sentence of one

12   hundred months concurrently with his sentence in the Middle

13   District and then of course the gun case has to be

14   consecutive.

15           Thank you.

16           MR. DEAN:   The government has no objection to that

17   motion.

18           THE COURT:   The Court finds that the defendant's

19   motion for downward departure pursuant to 5K2.0 based on the

20   fact that there are mitigating circumstances that were not

21   taken, could not be taken into consideration by the guidelines

22   should be granted.

23           The Court finds that the appropriate guideline level

24   should be level twenty-seven, which when combined with a

25   criminal history category of four, creates a guideline range of

1   one hundred to one hundred twenty-five months, and a fine range

2   from twelve thousand five hundred to one hundred twenty-five

3   thousand dollars.

4        Mr. Forehand, is there anything that you would like to

5   say before the Court pronounces sentence in this case?

6        THE DEFENDANT:  I would just like to say that I never

7   intended to hurt anybody and the gun wasn't loaded.  And I just

8   had a drug problem.  And I know it's not no excuse.  And I'm

9   sorry.

10       THE COURT:  Okay.  Does the government have anything

11  it would like to say at this time?

12       MR. DEAN:  No, Your Honor.  The government stands by

13  its recommendation in the plea agreement.

14       THE COURT:  Pursuant to the Sentencing Reform Act of

15  1984, the judgment of the Court is that the defendant, Terry

16  Lynn Forehand, is hereby committed to the custody of the bureau

17  of prisons to be imprisoned for a term of one hundred months on

18  counts one, three, four to be served concurrently and to a term

19  of seven years on count five to be served consecutively to the

20  terms of imprisonment imposed on counts one, three and four.

21       The Court is imposing a sentence at the low end of the

22  guideline range as to counts one, three and four for the

23  following reasons:  It's the Court's opinion that had this

24  matter been handled along with the case in Montgomery that a

25  sentence in this range would have been appropriate in that

1  matter.

2      The sentence imposed on counts one, three and four

3  shall run concurrently with the sentence imposed in the case of

4  the United States District Court of the Middle District of

5  Alabama and the sentence in count five shall run consecutively

6  to the sentence imposed in that case.

7      The Court is not ordering the defendant to pay a fine

8  because the defendant does not have the ability to pay the

9  minimum guideline fine and restitution.

10      The defendant is ordered to pay restitution in the

11  amount of twenty-three thousand five hundred and ninety dollars

12  with interest waived in the following amounts to the following

13  banks:  First Citizens Bank, eight thousand eighty-five

14  dollars; to SouthTrust Bank, two thousand nine hundred and

15  sixty dollars; to Regions Bank, twelve thousand five hundred

16  forty-five dollars.

17      The Court has considered the information in the

18  presentence report concerning the defendant's financial

19  circumstances and the Court has relied on that information to

20  determine that the following manner and schedule of payment is

21  appropriate in this case.

22      During the period of incarceration, the defendant is

23  to make payments of a minimum of twenty-five dollars per

24  quarter in accordance with the bureau of prisons inmate

25  financial responsibility program.

1    Upon release from imprisonment, any remaining balance
2  shall be paid in equal monthly installments during the
3  specified term of supervised release.  The defendant is to make
4  monthly payments during the period of supervision in accordance
5  with the financial guidelines previously approved by the Court
6  for use in this district and administered by the probation
7  office.

8    It is further ordered that the defendant shall pay to
9  the United States the mandatory special assessment of four
10  hundred dollars.  The fine and special assessment are due
11  immediately and may be collected in accordance with the bureau
12  of prisons inmate financial responsibility program.

13    Upon release from imprisonment, the defendant shall be
14  placed on supervised release for a term of five years.

15    While on supervised release, the defendant shall
16  comply with the standard conditions of supervised release of
17  record in this court and the following special conditions:
18  One, the defendant shall not incur any new debts other than
19  normal debts for utilities, rental expenses or mortgage
20  payments or open any new lines of credit without permission of
21  the probation officer, unless the defendant is in compliance
22  with the payment of the monetary obligation ordered.

23    Two, the defendant shall participate if and as
24  directed by the probation officer in the drug and alcohol
25  intensive counseling and after care service program conducted

1    by the probation office or a comparable program conducted in
2    the district of supervision.

3         Three, the defendant shall participate if and as
4    directed by the probation officer in such mental health or
5    vocational rehabilitation programs as the officer may direct.

6         The defendant shall contribute to the cost of mental
7    health treatment if the probation officer determines that the
8    defendant has the ability to do so.

9         Is there any objection from any party as to findings
10   of fact, calculations, the sentence or the manner in which the
11   sentence was pronounced or imposed?

12         MR. BOUDREAUX: None from the defendant, Your Honor.

13         MR. DEAN: No objection from the government.

14         THE COURT: Mr. Forehand, you have the right to appeal
15   the sentence imposed within ten days if you believe that the
16   guidelines have been misapplied or the sentence is otherwise in
17   violation of law. However, you have entered into a plea
18   agreement which waives some or all of your rights to appeal the
19   sentence. Such waivers generally are enforceable. However, if
20   you believe that the waiver is unenforceable, you can present
21   that theory to the appellate court.

22         With a few exceptions, any notice of appeal must be
23   filed within ten days of judgment being entered. If you are
24   unable to pay the cost, you may apply for leave to appeal in
25   forma pauperis and for the appointment of counsel. If you are

1   allowed by the court to proceed on appeal in forma pauperis,

2   upon your request the clerk of the court will assist you in

3   preparing and filing of a notice of appeal.

4           The Court has the following recommendations to the

5   bureau of prisons.  The Court recommends that the bureau of

6   prisons consider placement of the defendant in any anger

7   management counseling or other programs as available.

8           The Court also strongly recommends the placement of

9   the defendant in an intensive drug treatment program.  And the

10  Court also recommends that the bureau of prisons consider

11  placement of the defendant in any sex offender counseling or

12  other programs that may be available as well.

13          The defendant is already in custody.  Have you already

14  begun serving the federal sentence on the Montgomery --

15          MR. BOUDREAUX:  He has been in federal custody for

16  about a year now.

17          THE DEFENDANT:  January 25th 2002.

18          THE COURT:  Is there any other matter we need to take

19  up?

20          MR. BOUDREAUX:  No, ma'am.

21          THE COURT:  Thank you.

22                      (Adjourned)

23              C E R T I F I C A T E

24

25      I hereby certify that the foregoing is a correct

1    transcript from the record of proceedings in the

2    above-referenced matter.

3

4

5

6

7    Teresa Roberson, RPR, RMR                    4 / 13 / 04
                                                        DATE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25